THE STATE, EX REL. BOSSA, APPELLEE, *v.* GILES, [ADMR.] OF BUREAU OF EMPLOYMENT SERVICES, APPELLANT, ET AL.

(No. 80-284—Decided December 30, 1980.)

*Mr. Larry Zingarelli,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Eugene P. Nevada,* for appellant.

*Per Curiam.* Appellant raises four propositions of law, all of which essentially challenge the issuance of a writ of mandamus as a means to resolve the instant cause.[1] Appellant contends that the Court of Appeals erred when it held that the Bureau of Employment Services was under a clear legal duty to credit appellee with vacation leave during the periods of time when she was considered an intermittent employee. Appellant further asserts that appellee possesses an adequate remedy at law in the Court of Claims under R. C. Chapter 2743.

We do not agree. R. C. 121.161, which governs computation of vacation leave for state employees, provides in pertinent part:

"Each *full-time state employee,* including full-time hourly-rate employees, after service of one year with the state, or any political subdivision of the state, shall have earned and will be due upon the attainment of the first year of employment and annually thereafter, eighty hours of vacation leave with full pay. One year of service shall be computed on the basis of twenty-six biweekly pay periods. * * * Such vacation leave shall accrue to the employee at the rate of three and one-tenths hours each bi-weekly period for those entitled to eighty hours per year * * *.

"* * *

"* * *In case of transfer of an employee from one state agency to another * * *the employee shall be compensated at his current rate of pay for accrued and unused vacation leave at the time of transfer by the releasing agency.* * *" (Emphasis added.)

Thus, vacation leave is to be credited to each "full-time state employee, including full-time hourly-rate employees." The Revised Code contains no exact definition of these terms. R. C. 124.18 provides, however, that "[f]orty hours shall be

---

[1] Appellee raises in her brief the failure of the appellate court to rule on her prayer for attorney fees. However, no notice of cross-appeal was filed and this issue is thus not properly before this court.

the standard work week for all employees whose salary or wage is paid in whole or in part by the state." In addition, a definition of a full-time employee is provided by the Director of Administrative Services' Rules in Ohio Adm. Code 123:1-47-01 (A)(23), which states:

" 'Full-Time Employee' - An employee whose regular hours of duty total forty hours a week in a state agency, or any standard accepted as full-time in a county agency."

In contrast, Ohio Adm. Code 123:1-47-01(A)(33) defines a part-time employee as:

"An employee whose regular hours of duty are less than forty hours a week in a state agency, or less than any accepted full-time standard in a county agency."

In the instant cause, payroll records demonstrate that, with few exceptions, appellee worked a full 40-hour week, from the time of her initial employment until her transfer. Appellant contends that appellee is conclusively established to be an "intermittent" employee[2] by reason of being so labeled in her employment records and that this precludes her from accruing vacation leave, in spite of the regularity with which she worked 40-hour weeks during the prolonged period involved. We conclude that the appellee under the facts of this cause has so clearly established that as a routine she worked 40 hours per week and has demonstrated such an unbroken pattern of full-time employment over the entire course of the approximately three and one-half years she worked for the Bureau of Employment Services, that she is entitled to vacation leave for this entire period of time pursuant to R. C. 121.161, and the Administrator of the Bureau of Employment Services was under a clear legal duty to credit appellee with this leave.

Appellant's contention, that mandamus is not a proper remedy because appellee has an adequate remedy at law by way of the Court of Claims, is also without merit. Mandamus

---

[2] The Revised Code does not define the term "intermittent" employee, although it does make reference to such employees. See, e.g., R. C. 124.15(F) and 124.32(C). The term is defined in Ohio Adm. Code 123:1-47-01(A)(24) as "[a]n employee who works on an irregular schedule which is determined by the fluctuating demands of the work and is not predictable and whose hours generally are less than 1000 hours per year." It is beyond dispute that appellee's employment was not in line with this definition.

does lie in this situation, *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141, because the Court of Claims, under the facts of the instant cause, does not represent a plain and adequate remedy in the ordinary course of law. Just as in *State, ex rel. Montrie Nursing Home, Inc.,* v. *Aggrey* (1978), 54 Ohio St. 2d 394, 397, where a similar contention was rejected, appellee is "not being damaged due to a breach of contract but due to the failure of a public officer to perform an official act which he is under a clear legal duty to perform." Other cases involving less clearly demonstrated patterns of full-time employment or involving a dispute over the number of hours of leave due might not be appropriately decided by an action in mandamus. Under the facts of this cause, however, the Administrator of the Bureau of Employment Services had a clear legal duty under R. C. 121.161 to compensate appellee at her then current rate of pay for the accrued and unused vacation leave due appellee at the time of her transfer to the Department of Natural Resources. To hold otherwise would allow an administrative authority to label regular employees "intermittent," and thus eliminate vacation benefits clearly intended by the statute to be provided.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

P. Brown, Sweeney, Locher and Dowd, JJ., concur.

Celebrezze, C. J., and W. Brown, J., concur separately.

Holmes, J., dissents.

William B. Brown, J., concurring. The state, of course, should not be permitted to deny an employee vacation pay merely by ordaining, contrary to fact, that such employee is not "full-time." Such a rule would be both unfair and subject to abuse.

I am not sure, however, that the statute permits us to reach an efficacious result. In order to circumvent our decision, a state agency need only hire a greater number of intermittent workers for fewer hours each. This hiring strategy will assure that no particular intermittent worker will meet our test for full-time status, viz., whether "as a routine***[such

intermittent worker] worked 40 hours per week and has demonstrated***an unbroken pattern of full-employment."

If the state agencies do respond in this way, the result of our decision will simply be an increase in paperwork, a reduction in on-the-job productivity and a reduction in the size of the individual intermittent worker's paycheck. Indeed, the only employees who will benefit from our decision may be relator and other present intermittent workers who met our above test before the state agencies had an opportunity to alter their hiring strategies.

The General Assembly should examine this issue and draft rules which will permit the state both to respond to its fluctuating labor requirements on a cost-effective basis and to protect the legitimate expectations of its employees.

CELEBREZZE, C. J., concurs in the foregoing concurring opinion.