THE STATE, EX REL. RIEKE, APPELLANT, *v.*
HAUSROD, MAYOR, ET AL., APPELLEES.

[Cite as State, ex rel. Rieke, v. Hausrod (1981),
67 Ohio St. 2d 337.]

(No. 81-369—Decided July 22, 1981.)

*Messrs. Gareau & Gareau* and *Mr. Michael R. Gareau,* for appellant.

*Messrs. Barnard & Becker* and *Mr. Michael F. Becker,* for appellees.

*Per Curiam.* Appellant contends that regardless of his civil service classification, the mayor was required to follow the procedure for removal contained in Section 19(B) of the city's charter. That charter section provides that the mayor may initiate removal proceedings against "any officer or employee of the Municipality" for disciplinary reasons. It sets forth requirements for notice and for a hearing before city council, but makes no provision for appeal to the civil service commission. Section 19(B) became effective in 1952.

Section 65 of the city charter, adopted at the same time as Section 19(B), provides: "Provisions may be made for establishing Civil Service and appointment of a Civil Service Commission if and at such time as Council shall determine."

In 1962, council enacted Ordinance No. 8-62* which created a civil service commission and contained provisions governing personnel administration within the civil service.

* In 1974, the ordinances of Avon Lake were codified. In the Codified Ordinances of the city of Avon Lake, Chapters 160 and 161 of Ordinance 8-62 were renumbered. Chapter 160, entitled Civil Service Commission is now Chapter 278 of the city's codified ordinances; Chapter 161, entitled, Personnel Administration is now Chapter 256 of the city's codified ordinances.

Ordinance No. 8-62 contains provisions governing all aspects of civil service employment including examination, classification, appointments, removals, and appeals to the civil service commission.

The following language appears in Section No. 2 of Ordinance No. 8-62:

"That pursuant to the authority vested in this Council by Section 71 of the Charter of the Municipality of Avon Lake, Ohio, to resolve conflicts and inconsistencies between the provisions thereof, the disciplinary and appeals provisions of this ordinance shall be, and they are hereby deemed to apply to all personnel in the administrative service of the City notwithstanding the provisions contained in Sections 19A and 19B of said Charter, and shall be effective in lieu of said Charter provisions to the extent that they conflict."

Section 71 of the charter permits council to resolve any inconsistencies between charter provisions by ordinance.

Appellees contend, and the Court of Appeals agreed, that Section 19(B) of the charter is inconsistent with Ordinance No. 8-62; but, by virtue of the language noted above, any inconsistencies were resolved in favor of the provisions of the ordinance in a dismissal of a non-exempt civil service employee.

Appellant agrees that the ordinance and charter provisions are inconsistent, but contends that such inconsistency renders the ordinance ineffective and that the language attempting to resolve the inconsistency was an illegal attempt by council to amend the charter.

Appellant correctly states the law that an ordinance which is at variance with a charter provision is invalid, and that an ordinance which, in substance, attempts to amend a charter provision is invalid. See *Reed* v. *Youngstown* (1962), 173 Ohio St. 265; *State, ex rel. Werner,* v. *Koontz* (1950), 153 Ohio St. 325.

However, these rules do not govern the situation which is presented here. It cannot accurately be said that Section 19(B) of the charter is inconsistent with Ordinance No. 8-62. Ordinance No. 8-62, enacted pursuant to Section 65 of the charter, governs civil service employees, and Section 19(B) does not. The language in the ordinance resolving what were considered inconsistencies is an improper application of Sec-

tion 71 and, being unnecessary, should be ignored. Appellees and the Court of Appeals, therefore, were incorrect in relying on that provision to dispose of this issue.

However, we agree with the result reached by the Court of Appeals. It is well-recognized that review of dismissal proceedings by the civil service commission is fundamental to the civil service system. See *Yarosh* v. *Becane* (1980), 63 Ohio St. 2d 5; *State, ex rel. Alford,* v. *Willoughby* (1979), 58 Ohio St. 2d 221; *State, ex rel. Buckman,* v. *Munson* (1943), 141 Ohio St. 319.

Section 19(B) of the charter, in not providing for review by the civil service commission, cannot be used in the dismissal of a civil service employee. It is for that reason that the procedures in Section 19(B) do not govern appellant's dismissal, and thus appellant's argument is without merit.

Appellant argues in the alternative that the city improperly extended his probationary period.

Under Section 161.9 of Ordinance No. 8-62, all non-exempt civil service employees must serve a probationary period of one year from date of appointment to achieve permanent status. In the event of dismissal before the end of the probationary period, there is no right to review by the civil service commission. Part-time employees are exempt from the provisions of Chapter 161 of the ordinance.

Appellant contends that because he worked at least 40 hours per week from June to September, 1977, he was improperly classified as a "full time—part-time" employee during that time. He argues that he was a "de facto" full-time employee from June, 1977, and therefore his probationary period properly commenced in June, 1977, and that by August, 1978, at the time of his dismissal, he was entitled to full civil service protection.

Appellant relies on the case of *State, ex rel. Bossa,* v. *Giles* (1980), 64 Ohio St. 2d 273. This case, however, can be distinguished.

*State, ex rel. Bossa, supra,* allowed a claim for entitlement to vacation days based on the number of hours worked, and rejected the label imposed on the employee, which permitted the denial of those benefits. Unlike the situation in *State, ex rel. Bossa,* appellant here is not seeking benefits which accrued to

other employees within his classification, but were denied to him only by the number of hours worked. Rather, he seeks a "de facto" non-exempt civil service appointment. Such a civil service appointment can only be conferred in the manner provided by Section 161.6 of Ordinance No. 8-62, and attendant regulations. It was clear that during the period from June to September, appellant had not received a civil service appointment within the meaning of that section, and appellant does not argue otherwise. Therefore, appellant was properly classified as a non-exempt employee from June 13, 1977, to September 26, 1977.

Lastly, appellant contends that the mayor did not follow the procedures applicable to a probationary employee under Ordinance No. 8-62, namely, Section 161.12, which is rendered applicable by Rule XIII of the Avon Lake Civil Service Commission. That section requires the mayor to file a copy of the order of dismissal and the reasons for same with the civil service commission "for informational purposes only."

Appellees stipulated that those procedures were not followed. The Court of Appeals found that, though these procedures were not literally complied with, appellant's position was not altered thereby. Regardless of those procedures, appellant's dismissal was not subject to review by the civil service commission, and was final upon action by the mayor. Consequently, the court held that this failure was not sufficient grounds for the issuance of the writ of mandamus.

The issuance of the writ of mandamus rests within the sound discretion of the court and the writ will not issue unless relator proves he has a clear right to the relief sought. *State, ex rel. Roth,* v. *West* (1935), 130 Ohio St. 119, 124; *State, ex rel. Coen,* v. *Indus. Comm.* (1933), 126 Ohio St. 550. See *State, ex rel. McGarvey,* v. *Zeigler* (1980), 62 Ohio St. 2d 320.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.