No. 81–5035.  TRUITT *v.* OHIO.  Ct. App. Ohio, Hamilton County.  Certiorari denied.

JUSTICE BRENNAN, with whom JUSTICE MARSHALL joins, dissenting.

Several uniformed police officers approached petitioner after he was observed selling drugs on the street.  Petitioner fled, discarding a paper bag he had been carrying. After a brief chase, petitioner was apprehended and the paper bag was retrieved.  The bag contained Talwin, a controlled substance under Ohio law, and the drug which had been the subject of the earlier exchange.  Petitioner was charged with possession of a controlled substance, a misdemeanor; drug trafficking (sale of a controlled substance), a felony; and a misdemeanor assault on the arresting officer.

Petitioner was tried and convicted on the misdemeanor charges, and sentenced to 60 days for the possession offense, and 10 days for the assault.  Petitioner was then indicted on the charge of drug trafficking.  Before trial he moved to dismiss, claiming former jeopardy by virtue of his prior conviction for possession.  The trial court granted the motion and dismissed the indictment.  The State appealed and the Court of Appeals for the First Appellate District of Ohio reversed. Noting that "the drugs possessed by the defendant were not the drugs that he sold," and that the state legislature "has not chosen to make a crime of dealing in (pushing) drugs as a con-

tinuing course of conduct, but to proscribe a series of acts committed while dealing in drugs with a separate punishment for each," 1 Ohio App. 3d 65, 66–67, 439 N. E. 2d 452, 454 (1981), the court perceived no double jeopardy barrier to the second prosecution. The Ohio Supreme Court denied petitioner leave to appeal.

I would grant the petition for certiorari and reverse the judgment of the Court of Appeals. I adhere to the view that the Double Jeopardy Clause of the Fifth Amendment, applied to the States through the Fourteenth Amendment, requires that, except in extremely limited circumstances, not present here, "all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction" be prosecuted in a single proceeding. *Ashe* v. *Swenson*, 397 U. S. 436, 453–454, and n. 7 (1970) (BRENNAN, J., concurring). See *Thompson* v. *Oklahoma*, 429 U. S. 1053 (1977) (BRENNAN, J., dissenting), and cases collected therein. Although the legislature may be free to divide a continuing course of conduct into a number of discrete crimes, each distinctly punishable, in my view the State was not free to subject petitioner to successive trials on charges growing out of this one criminal transaction.