[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 272.]

THE STATE EX REL. BRETTRAGER, APPELLANT, *v.* VILLAGE OF NEWBURGH HEIGHTS, APPELLEE.

[Cite as *State ex rel. Brettrager v. Newburgh Hts.*, 2000-Ohio-155.]

*Public employment—Police officers—Mandamus sought to compel village to pay part-time police officer who worked over forty hours for many of the weeks during period in question additional wages and benefits commensurate with that paid to full-time village police officers—Denial of writ affirmed.*

(No. 99-2132—Submitted May 9, 2000—Decided July 12, 2000.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 75017.

———————————

{¶ 1} On July 22, 1995, appellee, village of Newburgh Heights, Ohio, hired appellant, Henry H. Brettrager, as a part-time police officer. Brettrager's job title was "Part-Time Police Officer," and his job description listed duties of enforcing traffic and other state and village laws. Brettrager was not a member of the Police & Firemen's Disability and Retirement Fund but instead contributed to the Public Employees Retirement System.

{¶ 2} During his employment with Newburgh Heights from July 1995 through October 1998, after deducting overtime and sick leave, Brettrager worked eighty hours or more for forty of the eighty-six biweekly pay periods. Without deducting sick-leave time, Brettrager worked eighty hours or more for forty-five of the eighty-six biweekly pay periods. The village compensated Brettrager at the rates it paid part-time police officers, rather than the higher rates it compensated full-time police officers. According to Brettrager, he also worked extra hours as a village police officer, for which he was not compensated and concerning which no records exist, in order to show that he would be suitable for full-time employment.

**{¶ 3}** In August 1998, Brettrager filed a complaint in the Court of Appeals for Cuyahoga County for a writ of mandamus to compel Newburgh Heights to pay him two-hundred thousand dollars, which he claimed represented the additional wages and benefits that he should have been paid as a full-time instead of a part-time police officer. After the village filed an answer, the court of appeals ordered Brettrager to file "a copy of the statute(s), city charter article(s), etc. which set(s) forth the 'mandatory duty [of respondent] to compensate relator as a full-time police officer' as alleged in paragraph 7 of the complaint." In response, Brettrager filed copies of R.C. 737.16 and 737.17. The village subsequently filed a motion to dismiss, or, in the alternative, for summary judgment, and Brettrager filed a motion for summary judgment.

**{¶ 4}** In October 1999, the court of appeals granted the village's motion for summary judgment, denied Brettrager's motion for summary judgment, and denied the writ.

**{¶ 5}** This cause is now before the court upon an appeal as of right.

_____

*Abraham Cantor*, for appellant.
*David M. Maistros*, for appellee.

_____

***Per Curiam.***

**{¶ 6}** Brettrager asserts that the court of appeals erred in denying the writ. In order to be entitled to the requested extraordinary relief in mandamus, Brettrager had to establish a clear legal right to be compensated as a full-time police officer during his employment with Newburgh Heights, a clear legal duty on the part of Newburgh Heights to provide this relief, and the lack of an adequate remedy in the ordinary course of law to compel the village to provide him with the requested compensation. See *State ex rel. Mill Creek Metro. Park Dist. Bd. of Commrs. v. Tablack* (1999), 86 Ohio St.3d 293, 295, 714 N.E.2d 917, 919.

**{¶ 7}** Regarding the first two requirements for issuance of the writ, the court of appeals ordered Brettrager to specify the legal provisions upon which he based his claim. In response, Brettrager cited R.C. 737.16, which authorizes the mayor to appoint village police, when provided for by the legislative authority of a village and subject to its confirmation. In addition, Brettrager cited R.C. 737.17, which provides that all appointments under R.C. 737.16 shall be for a six-month probationary period. Neither R.C. 737.16 nor 737.17 imposes a clear legal duty on Newburgh Heights to pay Brettrager compensation commensurate with that paid to full-time village police officers.

**{¶ 8}** Although he did not initially provide copies of any other legislative enactment to support his claim, Brettrager subsequently cited Village of Newburgh Heights Ordinance No. 1995-27, which sets forth the differing compensation rates for full-time and part-time village police officers. The village ordinance, however, merely specifies that full-time patrol officers shall be compensated based on forty-hour work weeks with their actual hours set by the mayor, and that part-time patrol officers are required to be available for duty for a minimum of thirty-two hours per month. The ordinance does not impose any clear legal duty on the village to pay Brettrager a full-time police officer's compensation, even though he worked over forty hours for many of the weeks during the period in question.

**{¶ 9}** In the absence of any clear legal right conferred on Brettrager or clear legal duty imposed on Newburgh Heights to pay him the wages and benefits of a full-time village police officer, he is not entitled to the writ. " 'A court in a mandamus proceeding cannot create the legal duty the relator would enforce through it; creation of the duty is the distinct function of the legislative branch of government.' " *State ex rel. Governor v. Taft* (1994), 71 Ohio St.3d 1, 3-4, 640 N.E.2d 1136, 1138, quoting *State ex rel. Hodges v. Taft* (1992), 64 Ohio St.3d 1, 3, 591 N.E.2d 1186, 1188-1189.

**{¶ 10}** Moreover, Brettrager's reliance on our decision in *State ex rel. Bossa v. Giles* (1980), 64 Ohio St.2d 273, 18 O.O.3d 461, 415 N.E.2d 256, does not alter this conclusion. In *Bossa*, we held that a state employee who worked full forty-hour work weeks from the time of her initial employment with a state agency until her transfer to another agency over three and one-half years later, but who was labeled as an intermittent employee for two periods during that employment, was a full-time employee and entitled to vacation leave for the entire period that she worked. In so holding, we stated:

"In the instant cause, *payroll records demonstrate that, with few exceptions, appellee worked a full 40-hour week, from the time of her initial employment until her transfer*. Appellant contends that appellee is conclusively established to be an 'intermittent' employee by reason of being so labeled in her employment records and that this precludes her from accruing vacation leave, in spite of the regularity with which she worked 40-hour weeks during the prolonged period involved. We conclude that the *appellee under the facts of this cause has so clearly established that as a routine she worked 40 hours per week and has demonstrated such an unbroken pattern of full-time employment over the entire course of the approximately three and one-half years she worked for the Bureau of Employment Services*, that she is entitled to vacation leave for this entire period of time pursuant to [former] R.C. 121.161, and the Administrator of the Bureau of Employment Services was under a clear legal duty to credit appellee with this leave." (Emphasis added and footnote omitted.) 64 Ohio St.2d at 275, 18 O.O.3d at 462, 415 N.E.2d at 257-258.

**{¶ 11}** Unlike the relator in *Bossa*, Brettrager did not clearly establish either a "routine" of working forty hours per week or an "unbroken pattern of full-time employment" during the entire period that he was employed by the village. Instead, he worked eighty hours or more for only forty to forty-five out of eighty-six bi-weekly pay periods from July 1995 through October 1998.

**{¶ 12}** Finally, Brettrager could not establish with the requisite certainty the monetary amount of the purported full-time compensation to which he claimed entitlement because the village ordinance conditioned pay raises on evaluations and recommendations and Brettrager stated that no records existed to establish extra hours of work he allegedly performed. See *State ex rel. Reyna v. Natalucci-Persichetti* (1998), 83 Ohio St.3d 194, 197-198, 699 N.E.2d 76, 79; *State ex rel. Madden v. Windham Exempted Village School Dist. Bd. of Edn.* (1989), 42 Ohio St.3d 86, 88, 537 N.E.2d 646, 647. As we noted in *Bossa*, 64 Ohio St.2d at 276, 18 O.O.3d at 463, 415 N.E.2d at 258, "cases involving less clearly demonstrated patterns of full-time employment or involving a dispute over the number of hours of leave due might not be appropriately decided by an action in mandamus."

**{¶ 13}** Therefore, because even after construing the summary judgment evidence most strongly in favor of Brettrager, we find that he could not establish a genuine issue regarding the requisite legal right and legal duty, and the court of appeals properly denied the writ. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____