[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 459.]

THE STATE EX REL. WOODS, APPELLANT, *v.* OAK HILL COMMUNITY MEDICAL CENTER, INC., APPELLEE.

[Cite as *State ex rel. Woods v. Oak Hill Community Med. Ctr.*, 2001-Ohio-96.]

*Torts—Medical malpractice action—Judgment entered in favor of defendants— Request for oral argument before Supreme Court denied, when— Mandamus sought to compel hospital to, inter alia, identify all persons upon whom CK-MB% blood enzyme results were erroneously reported as being within the normal range for the test—Court of appeals' dismissal of mandamus action affirmed.*

(No. 00-1616—Submitted March 27, 2001—Decided May 23, 2001.)

APPEAL from the Court of Appeals for Jackson County, No. 99CA854.

———————————

*Per Curiam.*

{¶ 1} In the early morning of April 5, 1995, appellant, Donald Woods, went to the emergency room of appellee, Oak Hill Community Medical Center ("Oak Hill"), a hospital located in Oak Hill, Ohio, complaining of chest pain. Several tests were performed on Woods, including a CK-MB% blood enzyme test.

{¶ 2} The CK-MB% blood enzyme test is used to determine if a patient is experiencing a heart attack. A normal test result is less than four percent, and an abnormal test result is between four and twenty-five percent. A result in the range between four and twenty-five percent is indicative of a heart attack. The initial CK-MB% test result for Woods was 12.2 percent, which was erroneously listed as being within the *normal* range of four to twenty-five percent on Oak Hill's report form. Woods stayed overnight at Oak Hill, but he was subsequently transferred to Mount Carmel Medical Center in Columbus for further treatment.

**{¶ 3}** In 1996, Woods filed a medical malpractice action in the Jackson County Court of Common Pleas against several defendants, including Oak Hill. While the case was pending, a cardiologist employed by Woods as an expert in the malpractice case discovered the lab reports misstating the normal range for the CK-MB% blood enzyme test. In June 1996, the cardiologist informed Oak Hill of this mistake. The common pleas court denied Woods's request for the names and addresses of all Oak Hill patients who had the CK-MB% test performed upon them during the period when Oak Hill's forms contained the error.

**{¶ 4}** In January 1998, the jury returned verdicts in favor of the defendants and against Woods in his medical malpractice action. The jury determined that although Oak Hill had been negligent, its negligence did not directly and proximately cause Woods's injuries and damages. In February 1998, the common pleas court entered judgment in favor of the defendants.

**{¶ 5}** Before the trial in his medical malpractice action, Woods filed a separate class action for injunctive relief to compel Oak Hill to notify those patients who had been administered CK-MB% testing at Oak Hill from September 1993 through June 1996 and had results between four and twenty-five percent. The common pleas court dismissed the action because Woods, who had already received notice of his inaccurate CK-MB% report form, lacked the requisite standing to maintain the action. On appeal, the court of appeals affirmed the dismissal. *Woods v. Oak Hill Community Med. Ctr.* (1999), 134 Ohio App.3d 261, 730 N.E.2d 1037.

**{¶ 6}** In December 1999, Woods filed a complaint in the Court of Appeals for Jackson County. In his complaint, as subsequently amended, Woods requested a writ of mandamus to compel Oak Hill to immediately identify all persons upon whom the CK-MB% test was conducted from September 1993 through June 1996 and notify those persons whose test results were erroneously reported as being within the normal range for the test. In addition, Woods requested that a writ of

mandamus issue to compel Oak Hill to notify the Ohio Department of Health of all information necessary to correct its prior disclosures required by R.C. 3727.11 to 3727.13 and to comply with R.C. 3727.14, and to compel Oak Hill to organize its medical records to comply with regulations of the Joint Commission on Accreditation of Hospitals. Oak Hill filed a motion to dismiss. The court of appeals subsequently entered a judgment granting Oak Hill's motion and dismissing Woods's mandamus action.

{¶ 7} This cause is now before the court upon an appeal as of right as well as Woods's request for oral argument.

Oral Argument

{¶ 8} Woods requests oral argument "pursuant to Rule of Practice IX, Section 2 of the Rules of the Supreme Court of the State of Ohio." We deny Woods's request for the following reasons.

{¶ 9} First, S.Ct.Prac.R. IX(2) does not require oral argument in this appeal. See S.Ct.Prac.R. IX(2)(A).

{¶ 10} Second, Woods has neither established nor asserted any of the usual factors that might warrant oral argument. See *State ex rel. Abner v. Elliott* (1999), 85 Ohio St.3d 11, 15-16, 706 N.E.2d 765, 769. This case involves no substantial constitutional issue, conflict between courts of appeals, or complex issues of law or fact.

{¶ 11} Third, Woods does not specify why oral argument would be beneficial here. *State ex rel. Lee v. Trumbull Cty. Probate Court* (1998), 83 Ohio St.3d 369, 371, 700 N.E.2d 4, 7. The parties' briefs are sufficient to resolve the issues raised. *State ex rel. Lucas Cty. Bd. of Commrs. v. Ohio Environmental Protection Agency* (2000), 88 Ohio St.3d 166, 169, 724 N.E.2d 411, 415.

{¶ 12} Based on the foregoing, we deny Woods's request for oral argument.

Mandamus

{¶ 13} Woods asserts that the court of appeals erred in dismissing his mandamus action. Dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator can prove no set of facts entitling relator to the requested extraordinary relief. *State ex rel. Lanham v. Ohio Adult Parole Auth.* (1997), 80 Ohio St.3d 425, 426, 687 N.E.2d 283, 284.

{¶ 14} In order to be entitled to the requested relief in mandamus, Woods must prove a clear legal right to the requested acts, a corresponding clear legal duty on the part of Oak Hill to perform these acts, and the absence of a plain and adequate remedy in the ordinary course of law. *State ex rel. Sekermestrovich v. Akron* (2001), 90 Ohio St.3d 536, 537, 740 N.E.2d 252, 254.

{¶ 15} In his preeminent claim, Woods seeks a writ of mandamus to compel Oak Hill to identify and notify patients of lab reports misstating the normal range for CK-MB% blood enzyme testing. Woods alleged in his amended complaint that Oak Hill had a "duty to disclose this material information to its patients under applicable law, compelling public policy, and common morality." Woods initially relies on precedent from medical malpractice cases as well as ethical regulations adopted by the American Medical Association and the American Osteopathic Association.

{¶ 16} Woods's claim is meritless. Certainly, a duty for *negligence* purposes may be established by common law, through a legislative enactment, or by the particular facts and circumstances of the case. *Chambers v. St. Mary's School* (1998), 82 Ohio St.3d 563, 565, 697 N.E.2d 198, 201. But in *mandamus* proceedings, the creation of the legal duty that a relator seeks to enforce is the distinct function of the *legislative* branch of government. *State ex rel. Brettrager v. Newburgh Hts.* (2000), 89 Ohio St.3d 272, 274, 730 N.E.2d 981, 983; *State ex*

4

*rel. Governor v. Taft* (1994), 71 Ohio St.3d 1, 3-4, 640 N.E.2d 1136, 1138. Courts are not authorized to create the legal duty enforceable in mandamus. *Davis v. State ex rel. Pecsok* (1936), 130 Ohio St. 411, 5 O.O. 20, 200 N.E. 181, paragraph one of the syllabus; *State ex rel. Stanley v. Cook* (1946), 146 Ohio St. 348, 32 O.O. 419, 66 N.E.2d 207, paragraph eight of the syllabus.

{¶ 17} Therefore, the malpractice and fraud cases cited by Woods in support of his mandamus action are inapposite. See, *e.g., Gaines v. Preterm-Cleveland, Inc.* (1987), 33 Ohio St.3d 54, 514 N.E.2d 709; *Meinze v. Holmes* (1987), 40 Ohio App.3d 143, 532 N.E.2d 170; *Turner v. Children's Hosp., Inc.* (1991), 76 Ohio App.3d 541, 602 N.E.2d 423. Further, the medical ethical regulations adopted by the American Medical Association and the American Osteopathic Association do not create a cognizable duty on the part of Oak Hill in mandamus. In addition, the precedent and ethical rules that Woods relies upon specify duties of *physicians* rather than hospitals.

{¶ 18} Similarly, Woods's request that Oak Hill organize medical records in order to comply with the regulations of the Joint Commission on Accreditation of Hospitals is not cognizable in mandamus because these regulations are not legislatively created. *Brettrager*, 89 Ohio St.3d at 274, 730 N.E.2d at 983; *Davis*, 130 Ohio St. 411, 5 O.O. 20, 200 N.E. 181, paragraph one of the syllabus.

{¶ 19} Woods does cite some statutes as well as an administrative rule adopted under statutory authority in support of his request for extraordinary relief in mandamus. Neither R.C. 3727.11, 3727.13, nor Ohio Adm.Code Section 3701-14-01, however, imposes a duty on Oak Hill to perform any of the requested acts, including identifying and notifying former patients who had tested between four and twenty-five percent on the CK-MB% blood enzyme test. These provisions required only that Oak Hill disclose to the State Health Department and its director data concerning the one hundred most frequently treated diagnosis-related groups of patients and permitted Oak Hill to include commentary for major deviations in

the data ranges for any diagnosis-related group. Mandamus will issue neither to compel duties that Oak Hill is not "*specifically* enjoined to perform" nor to require the performance of a permissive act. (Emphasis added.) See *State ex rel. Hodges v. Taft* (1992), 64 Ohio St.3d 1, 6-7, 591 N.E.2d 1186, 1191. And when a hospital fails to comply with R.C. 3727.11, the General Assembly has empowered the Director of Health to apply for injunctive relief in common pleas court. R.C. 3727.16.

{¶ 20} Moreover, a writ of mandamus will not be issued if there is a plain and adequate remedy in the ordinary course of the law. R.C. 2731.05; *State ex rel. Wilke v. Hamilton Cty. Bd. of Commrs.* (2000), 90 Ohio St.3d 55, 64, 734 N.E.2d 811, 820. To the extent that Woods's mandamus action could be construed as an attempt to challenge the lower courts' rulings on his identification and notification claims in his previous medical malpractice and injunction cases, mandamus will not lie to relitigate these issues. See *State ex rel. Smith v. Fuerst* (2000), 89 Ohio St.3d 456, 457, 732 N.E.2d 983, 985. Extraordinary writs may not be used to gain successive appellate reviews of the same issue. *State ex rel. Smith v. O'Connor* (1995), 71 Ohio St.3d 660, 663, 646 N.E.2d 1115, 1118.

{¶ 21} Based on the foregoing, it appears beyond doubt that Woods could prove no set of facts entitling him to the requested writ of mandamus. Therefore, dismissal was appropriate. Given this disposition, we need not determine whether Woods had the requisite standing to bring this mandamus action, *i.e.*, whether he asserts a sufficient *public* right under *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062, paragraph one of the syllabus. For the foregoing reasons, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Cole & Lewis*, *Richard M. Lewis* and *Jonathan D. Blanton*, for appellant.

*Reminger & Reminger Co., L.P.A.*, and *Gwenn S. Karr*, for appellee.

_____