{¶ 8} I respectfully disagree with the opinion of the majority. As the majority notes, the Supreme Court of Ohio has long held that a "writ of mandamus will not be issued if there is a plain and adequate remedy in the ordinary course of the law."[1] In order for an alternative remedy to constitute an "adequate" remedy at law, it must be "complete, beneficial, and speedy."[2]
 {¶ 9} The majority asserts that an adequate legal remedy exists through a direct appeal from a sentencing judgment if relator is ultimately convicted of murder in the underlying action. However, when contemplating the definition of an "adequate legal remedy" as meaning "complete, beneficial, and speedy," it stretches practical reason to conclude that an accused awaiting trial must languish in prison, potentially for two to three years, until his trial and subsequent appeal before being able to assert his claim. Relator cannot be vindicated for the amount of time which will most likely lapse while he awaits the opportunity to present his claim. Thus, this legal remedy is neither complete nor speedy.
 {¶ 10} Hence, I believe that relator does not have an alternative, adequate legal remedy and that this mandamus petition should be addressed without further delay.
 {¶ 11} Accordingly, I must dissent.
[1] State ex rel. Woods v. Oak Hill Community Med. Ctr. (2001),91 Ohio St.3d 459, 462.
[2] State ex rel. Natl. Electrical Contractors Assn., Ohio Conferencev. Ohio Bur. of Emp. Serv. (1998), 83 Ohio St.3d 179, 183.