JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Relator-appellant Daniel J. Campbell's two assignments of error allege that the trial court erred in dismissing for want of prosecution his petition for a writ of mandamus. We hold that the trial court was correct in dismissing Campbell's petition, but not on the basis of a failure to prosecute.
In order to be entitled to the requested relief in mandamus, Campbell had to show a clear legal right to the relief requested, a corresponding clear legal duty on the part of the respondent to perform the act, and the absence of a plain and adequate remedy in the ordinary course of the law. See State ex rel. Woods v. Oak Hill Community Medical Center, Inc.,91 Ohio St.3d 459, 2001-Ohio-96, 746 N.E.2d 1108.
A review of Campbell's petition reveals that he was essentially challenging the credibility of respondent-appellee Salvador Fucito, an emergency medical technician who had testified against Campbell at his criminal trial for aggravated arson. Campbell alleged that Fucito had lied in order to receive a "government kick-back" for Campbell's conviction.
Fucito's credibility was an issue for review in Campbell's direct appeal of his criminal conviction. In the alternative, if evidence bearing on Fucito's credibility existed outside the trial record, Campbell's remedy was a petition for postconviction relief. Campbell also had the option to file a Crim.R. 33 motion for a new trial.
Campbell clearly had an adequate legal remedy, and, therefore, he was not entitled to a writ of mandamus. The trial court did not err in dismissing his petition.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Sundermann, JJ.