OPINION *Page 2 
{¶ 1} This matter came before the Court upon a "Motion for: Complaint Against Judges and Judicial Disciple (under 28 U.S.C.A. 35(a)" filed by Petitioner Larry Lombardi. In response, Respondent has filed a Motion to Strike and/or Dismiss suggesting in essence Petitioner has failed to state a claim upon which relief may be granted. Original actions in this Court are governed by the Rules of Civil Procedure. Loc.R. 4(A). Civ.R. 12(B)(6) permits a party to raise a defense of failure to state a claim upon which relief may be granted.
 {¶ 2} Pursuant to Civ.R. 12(B)(6), a complaint or petition may be dismissed if it fails to state a claim for which relief can be granted. The complaint may be dismissed only where, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in favor of the nonmoving party, it appears beyond doubt from the face of the complaint that "no provable set of facts warrants relief." State ex rel. Midwest Pride IV, Inc. v. Pontious (1996),75 Ohio St.3d 565, 570.
 {¶ 3} Petitioner pled guilty to one count of Identity Fraud, in violation of R.C. 2913.49(B)(1), which is a felony of the third degree. Following a presentence investigation, the trial court sentenced Petitioner to one year in prison.
 {¶ 4} Petitioner appears to complain about not being permitted to participate in the transitional control program due to the trial court's refusal to approve Petitioner's participation in this program. He further complains the trial court, in sentencing Petitioner, considered facts which were not relevant to the case.
 {¶ 5} Petitioner suggests he is entitled to relief under 28 U.S.C.A. 35(a). The federal code section cited by Petitioner is nonexistent. It simply is not clear from this *Page 3 
Complaint as to what causes of action Petitioner is presenting to this Court. Further, it is unclear as to what relief Petitioner is seeking.
 {¶ 6} Whether a trial court judge approves a prisoner's participation in a transitional control program offered by the Department of Corrections is a purely discretionary act. R.C. 2967.26(A)(2). Discretionary acts are not ones which are appropriate for writs which require a party to demonstrate there is a clear legal duty on the part of the defendant. For example, a permissive act is not one can be compelled by the issuance of a writ of mandamus. See State ex rel. Woodsv. Oak Hill Community Med. Ctr. (2001), 91 Ohio St.3d 459,746 N.E.2d 1108.
 {¶ 7} Petitioner suggests the trial court erred in imposing a prison sentence and complains of ineffective assistance of counsel. Any complaint Petitioner has with his sentence or his attorney should have been raised on direct appeal. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising or litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised . . . on an appeal from that judgment." State v.Perry (1967), 10 Ohio St.2d 175, 180, 226 N.E.2d 104.
 {¶ 8} This Court has considered the factual allegations contained in the Complaint. Those allegations when taken as true support no cause of action. The writ filed by Petitioner is dismissed as Petitioner has failed to state a claim upon which relief may be granted. *Page 4 
 {¶ 9} WRIT DISMISSED.
 Edwards, J., Gwin, P.J. and Wise, J. concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the Writ of Prohibition is hereby dismissed. Costs taxed to Petitioner. *Page 1