**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ruble v. Switzerland of Ohio Local School Dist. Bd. of Edn.*, Slip Opinion No. 2025-Ohio-1510.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-1510

THE STATE EX REL. RUBLE ET AL., APPELLANTS, *v.* SWITZERLAND OF OHIO LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Ruble v. Switzerland of Ohio Local School Dist. Bd. of Edn.*, Slip Opinion No. 2025-Ohio-1510.]**

*Mandamus—R.C. 3319.02(D)(3)—R.C. 3319.171—School board's suspension of administrators' contracts under local administrative-personnel-suspension policy was valid because the local policy contained all the required elements set forth in R.C. 3319.171—Court of appeals' judgment denying writ affirmed.*

(No. 2024-0697—Submitted January 7, 2025—Decided May 1, 2025.)

APPEAL from the Court of Appeals for Monroe County,

No. 22 MO 0003, 2024-Ohio-1542.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellants, James Ruble, Linda O'Connor, Cynthia Brill, and Suzanne Holland (collectively, "the administrators"), petitioned the Seventh District Court of Appeals for a writ of mandamus compelling appellee, the Switzerland of Ohio Local School District Board of Education, to reinstate them to their former positions as administrators in the district, with back pay and benefits, plus interest. They claimed that the local policy under which their contracts were suspended is invalid because it lacks elements that R.C. 3319.171 requires it to contain.

{¶ 2} The Seventh District denied the writ, concluding that the board's policy is valid and that the reasons given for the administrators' contract suspensions were legitimate. 2024-Ohio-1542, ¶ 3, 85-86 (7th Dist.). On appeal to this court, the administrators argue only that the board's policy under which their contracts were suspended is invalid and, therefore, their suspensions are invalid. They also filed a motion for oral argument.

{¶ 3} We affirm the court of appeals' judgment because the administrators have failed to demonstrate that they have a clear legal right to be reinstated to their former positions under R.C. 3319.171. And because oral argument is not necessary for us to resolve this issue, we deny the administrators' motion for oral argument.

## I. FACTS AND PROCEDURAL HISTORY

### A. The board suspended the administrators' contracts

{¶ 4} In 2019 and 2020, the board hired the administrators in various positions to support the superintendent. In 2021, before the administrators' employment contracts expired, the board hired a new superintendent who wanted to make the district's administration more effective and efficient. That superintendent considered the district's administration to be overstaffed, with one administrator for every 40 or 50 students (far higher than the state average of about

2

one administrator for every 130 students). To remedy this issue, the new superintendent recommended suspending the administrators' contracts. The board approved and accepted the recommendation in August 2021.

{¶ 5} A board may suspend an administrator's contract under an administrative-personnel-suspension policy that it has adopted under R.C. 3319.171. R.C. 3319.02(D)(3) and 3319.171(A). That statute requires such a policy to contain certain provisions, and once adopted, the policy provides the school board with the authority to suspend employment contracts of administrative personnel. When it suspended the administrators' contracts, the board in this case did so under a local policy, Policy 1540, that it had enacted under R.C. 3319.171 over a decade ago. *See Policy Manual*, 1540-Suspension of Administrative Contracts ("Policy 1540"), https://go.boarddocs.com/oh/swissohio/Board.nsf/goto ?open&id=AY7RFB671026 (accessed Mar. 10, 2025) [https://perma.cc/T7S9-T3QQ].

### B. The administrators sought a writ of mandamus

{¶ 6} The administrators petitioned the Seventh District for a writ of mandamus ordering the board to reinstate them to their former positions. They asserted that Policy 1540 is invalid because it does not contain all the provisions that R.C. 3319.171 requires, so the board could not validly suspend their contracts under that policy. They also claimed that the reasons given for their contract suspensions were pretexts and that they were improperly denied the right to restoration, pointing to positions they claimed that at least one of them was qualified to fill.

{¶ 7} The Seventh District granted the board's motion for summary judgment and denied the writ, concluding that Policy 1540 sufficiently fulfills each of the statute's requirements. 2024-Ohio-1542 at ¶ 84-85 (7th Dist.). It found that the administrators did not show that the reasons given for their contract suspensions were pretextual, *id.* at ¶ 86, and it determined that, considering the certifications

required of candidates to fill the available administrative and teaching positions within the school district, only Ruble was qualified for one of the proposed positions—a position to which he was recalled but which he declined, *id.* at ¶ 77-83.

{¶ 8} On appeal to this court, the administrators abandoned both their second and third claims (that is, that the reasons for their contract suspensions were pretextual and that they were improperly denied recall to specific positions). They argue only that the board suspended their contracts under an invalid policy. And if the policy is invalid, they contend, so too are their contract suspensions. They ask us to reverse the Seventh District's judgment based on this theory.

## II. ANALYSIS

### A. We find oral argument unnecessary

{¶ 9} The administrators moved for oral argument under Supreme Court Rule of Practice 17.02(B), arguing that the effect of this case on the rights of all the school administrators in Ohio—which they estimate to be more than 10,000—makes it a matter of great public importance. *See State ex rel. Cleveland Assn. of Rescue Emps. v. Cleveland*, 2023-Ohio-3112, ¶ 13. The board did not respond to the motion.

{¶ 10} In direct appeals, we generally grant oral argument only when a case deals with matters of great public importance, complex issues of law or fact, substantial constitutional issues, or a conflict among the courts of appeals. *Id.* We seldom grant requests for oral argument when the parties' briefs are sufficient for us to resolve the issues raised. *See State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 2006-Ohio-5339, ¶ 16.

{¶ 11} Here, the parties present the issues and arguments in their briefs with sufficient clarity for us to decide this matter without oral argument. We therefore deny the administrators' motion for oral argument.

**B. The administrators have not established that they are entitled to a writ of mandamus**

{¶ 12} We review de novo a grant of summary judgment denying a writ of mandamus. *See State ex rel. Moody v. Dir., Bur. of Sentence Computation*, 2024-Ohio-5231, ¶7.

{¶ 13} The writ of mandamus is an extraordinary remedy. To receive it, the administrators must show (1) that they have a clear legal right to the requested relief, (2) that the board has a clear legal duty to provide that relief, and (3) that they lack an adequate remedy in the ordinary course of law. *Id.* Normally, "in mandamus proceedings, the creation of the legal duty that a relator seeks to enforce is the distinct function of the legislative branch of government." (Emphasis deleted.) *State ex rel. Woods v. Oak Hill Comm. Med. Ctr.*, 2001-Ohio-96, ¶ 16.

{¶ 14} The administrators raise concerns about whether Policy 1540 is compliant with R.C. 3319.171, but they have not established how the statute provides them with a right to the relief they seek, which is to be reinstated to their former positions with the school district and to receive back pay and benefits, plus interest, since their contracts were suspended.

{¶ 15} First, the administrators do not specify how R.C. 3319.171 or any other statute provides them with a right enforceable in mandamus to be reinstated to their former positions. The General Assembly has limited the authority of boards of education to suspend administrative-personnel contracts: "No contract [of a qualifying administrator] may be suspended except pursuant to [R.C.] 3319.17 or [R.C.] 3319.171." R.C. 3319.02(C). R.C. 3319.17 allows local school boards to reduce teaching positions by suspending teachers' contracts when there is a decrease in the number of pupils in the district, among other reasons. R.C. 3319.17(B). The same process for suspending teachers' contracts under R.C. 3319.17 applies to suspending administrative-personnel contracts. *See* R.C. 3319.171(A). But R.C. 3319.171 allows local school boards to adopt their own

policy governing the suspension of administrative-personnel contracts. *Id.* If a local school board opts to do so, the adopted policy replaces the process for contract suspension under R.C. 3319.17. *Id.*

{¶ 16} R.C. 3319.171(B) requires such a policy to include three specific provisions. The administrators argue that two of these provisions are lacking in Policy 1540: (1) "[p]rocedures for determining the order of suspension of contracts," to satisfy R.C. 3319.171(B)(2), and (2) "[p]rovisions requiring a right of restoration . . . if and when any positions become vacant or are created for which any of them are or become qualified," to satisfy R.C. 3319.171(B)(3). However, it is unclear how any alleged defects in Policy 1540 establish that the administrators have a clear legal right to the relief they seek, that is, to be reinstated to their former positions, which no longer exist, with back pay and benefits.

{¶ 17} Unlike R.C. 3319.17, which sets forth the procedure a local school board must follow when suspending administrative-personnel contracts, R.C. 3319.171 merely directs a school board to include specific provisions in the policy it adopts for suspending such contracts in lieu of following R.C. 3319.17. It does not provide administrative personnel whose contracts have been suspended with a right of reinstatement to their former positions if the local policy under which they were suspended is determined to be deficient in some way.

{¶ 18} Some statutes provide procedures that must be followed in the nonrenewal of public-school administrators' or teachers' contracts. *See, e.g.*, *State ex rel. Carna v. Teays Valley Local School Dist. Bd. of Edn.*, 2012-Ohio-1484, ¶ 1 (R.C. 3319.02(D)(4) requires a school board to meet in executive session with the administrator whose contract is up for renewal once the administrator has been informed that her contract will not be renewed and the administrator requests a meeting with the board to discuss the nonrenewal); *Jones v. Kent City School Dist. Bd. of Edn.*, 2024-Ohio-2844, ¶ 3, 26, 30 (R.C. 3319.111(E) requires a school board to conduct three formal observations of a teacher under consideration for

6

nonrenewal). And one statute permits boards of education to terminate employees hired under continuing contracts only for "express enumerated reasons" contained in the statute. *State ex rel. Boggs v. Springfield Local School Dist. Bd. of Edn.*, 1998-Ohio-249, ¶ 24 (R.C. 3319.081 lists the only reasons a nonteaching employee may be fired). In cases involving statutes like these, we have found mandamus to be an appropriate remedy to correct school boards' failures to follow the specific procedures required by statute. *See Carna* at ¶ 8; *Boggs* at ¶ 26.

{¶ 19} But the statute at issue here does not require local school boards to follow a specific procedure when suspending administrative-personnel contracts. Instead, it opens up room for board discretion by allowing local school boards to suspend administrative-personnel contracts under a local policy, so long as that policy contains the three criteria set forth in the statute. Plus, R.C. 3319.171 does not require reinstatement as a remedy for administrative personnel whose contracts have been suspended.

{¶ 20} The parties in this case agree that the administrators' contracts were suspended under Policy 1540. They also agree that that policy was adopted under R.C. 3319.171 a decade before the administrators' contracts were suspended. So the administrators were suspended under a policy adopted under R.C. 3319.171, as R.C. 3319.02(D)(3) permits. The policy is not a mere pretext, and any minor shortcomings in the wording of Policy 1540 do not undermine the administrators' contract suspensions. And R.C. 3319.171 does not demand that the administrators be reinstated to their former positions because of any shortcomings in the policy. So neither R.C. 3319.02(D)(3) nor R.C. 3319.171 provides the administrators a clear legal right to reinstatement to their former positions such that they would be entitled to relief in mandamus.

{¶ 21} Because the administrators have not shown they have a clear legal right enforceable in mandamus, we need not address the remaining elements that they must prove to support the issuance of a writ.

### III. CONCLUSION

**{¶ 22}** The writ of mandamus is an extraordinary remedy that may be requested when a plain and adequate remedy in the ordinary course of law is not available to ensure that government actors do what lawmakers have instructed them to do. *See State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 159-160 (1967). Those who seek a writ of mandamus must point to the legislation that guarantees them the relief they seek in mandamus before explaining why the government actor has a duty to provide them that relief and why they cannot obtain that relief in the ordinary course of law. The administrators have failed to do so here. Therefore, we affirm the Seventh District Court of Appeals' judgment. We also deny the administrators' motion for oral argument.

Judgment affirmed.

_____

Abdnour Weiker, L.L.P., and Mark A. Weiker, for appellants.

Ennis Britton Co., L.P.A., and J. Michael Fischer, for appellee.

Pollock Law, L.L.C., and Stacy V. Pollock, urging reversal for amicus curiae Ohio Association of Secondary School Administrators.

Manos, Margin & Pergram Co., L.P.A., and Dennis L. Pergram, urging reversal for amicus curiae Ohio Association of Elementary School Administrators.

_____